UNITED STATES of America, Appellee,

v.

Matthew H. HOLTZEN, III, Appellant.

No. 83–2059.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 28, 1983.

Decided Oct. 17, 1983.

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Matthew Holtzen III, pro se.

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Matthew H. Holtzen, III, appeals from the district court's[1] dismissal of his motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence. Holtzen was convicted under 21 U.S.C. §§ 841(a)(1) & (2) and 846 of manufacturing and conspiring to manufacture amphetamine. This Court affirmed his conviction. *Holtzen v. United States,* 694 F.2d 1129 (8th Cir.1982). Holtzen then instituted this section 2255 motion claiming (1) denial of compulsory process to secure the presence of alibi witnesses; (2) illegal search and seizure; (3) ineffective assistance of counsel; and (4) variance between the indictment and the evidence adduced at trial. The district court denied his motion; we affirm.

Holtzen, with two coconspirators, operated a laboratory for the manufacture of amphetamine in the kitchen of a house occupied by a female companion of one of his coconspirators. The woman's mother-in-law discovered the drugs. Her complaint triggered a state investigation which uncovered the by-product debris from the drug laboratory in a dump near the house.

About three months after this investigation, local authorities arrested Holtzen for a firearms violation stemming from a domestic disturbance. Smelling marijuana, officers searched the house and, with Holtzen's consent, searched his car, including a trunk filled with glassware and chemicals. On learning that a similar trunk was used for transportation of drugs and equipment in the drug manufacturing incident, agents later seized the trunk. At trial, both coconspirators and the woman testified against Holtzen. The coconspirators identified the trunk as having been used in making the amphetamine.

We addressed the issue which underlies the compulsory process argument in

Holtzen's previous appeal. On direct appeal, we held the district court did not err in denying Holtzen's motion for a continuance to locate alibi witnesses.[2] While the argument has been presented differently as issues of continuance and compulsory process, the gist of the controversy is the availability of alibi witnesses. The right to compulsory process requires a showing that the evidence is both material and favorable to the petitioner's defense. *United States v. Valenzuela-Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 3447, 73 L.Ed.2d 1193 (1982). This Court previously found the proffered testimony unnecessary and inessential to an adequate defense. As a result, relief cannot be granted on the compulsory process issue.

▪ Since Holtzen's illegal search and seizure argument was previously resolved adversely to him on direct appeal, it is not cognizable under section 2255. *Houser v. United States,* 508 F.2d 509, 514 (8th Cir. 1974). The district court, in hearing a Motion in Limine, found that the search of his car and of the trunk was consensual. On direct appeal, this Court concluded that even if the district court's admission of the evidence was error, it was harmless. *Holtzen v. United States, supra,* 694 F.2d at 1131.

▪ To succeed on his claim regarding ineffective assistance of counsel, Holtzen must satisfy a two-pronged standard. To overcome the presumption of effective assistance, Holtzen must show (1) that the attorney failed to perform an essential duty owed his client, and (2) that the failure prejudiced the defense. *Dupree v. United States,* 606 F.2d 829, 830–831 (8th Cir.1979), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980).

Holtzen's argument on ineffective assistance of counsel comprises three elements: First, until two days before the trial, counsel neglected to subpoena the alibi witnesses whose testimony is set out above. When measured against the eyewitness testimony of coconspirators, though, such evidence appears inessential. Second, Holtzen also alleges his attorney failed to arrange with the court in a timely manner for Holtzen to cross-examine a government investigator. The record reveals this cross-examination would not have been material to Holtzen's defense. Third, Holtzen alleges poor preparation by counsel led to mischaracterization of the alibi testimony.[3] Holtzen was present at the hearing and did not object; he also failed to correct his attorney's misunderstanding on appeal. Moreover, review of the trial transcript suggests aggressive, well-informed representation on direct and cross-examination, which belies Holtzen's contention. Thus, in light of the factual considerations surrounding Holtzen's ineffective assistance argument, Holtzen cannot meet the standard required for relief.

▪ Finally, Holtzen alleges variance between the indictment and evidence adduced at trial concerning the specific date and time of the crime. This Court has held that, to prevail on such a claim, the petitioner must establish that the variance affected his substantial rights; the variance "must go to the heart of the indictment, with the proof offered at trial failing to establish one of the crucial elements of the offense." *United States v. Fanello,* 662 F.2d 505, 509 (8th Cir.1981). The variance Holtzen alleges is insignificant. The indictment fairly apprised Holtzen of the basic elements of the crime with which he was charged.

On review of the facts of this case and of the previous disposition made by this Court and the district court, we affirm the district court's denial of this section 2255 petition.

---

**2.** The witnesses Holtzen offers now are the same as those proposed in both earlier hearings: a roommate would testify that Holtzen was not absent from the house for any prolonged periods, a friend would testify that he possessed the trunk during the relevant period, and Holtzen's girlfriend would generally refute the indictment.

**3.** The attorney erroneously stated that the alibi accounted for Holtzen's whereabouts for two days, not several months as Holtzen now claims.