Duane W. LARSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 87–5307.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 23, 1987.

Decided Nov. 25, 1987.

Rehearings and Rehearings En Banc
Denied Jan. 27, 1988.

Duane Larson, pro se.

Richard Vosepka, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Duane Wendell Larson appeals pro se from the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2255. We affirm.

Larson was convicted and sentenced on a count of an indictment charging him with possessing cocaine with intent to distribute and aiding and abetting. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. A full description of the facts relating to the offense is set forth in this court's opinion affirming Larson's convictions. *See United States v. Larson*, 760 F.2d 852, *cert. denied*, 474 U.S. 849, 106 S.Ct. 143, 88 L.Ed.2d 119 (1985). Larson's habeas petition contained six separate grounds for relief, three of which he argues on appeal. Larson contends: (1) evidence contained inside paper grocery bags was illegally seized; (2) he received ineffective assistance of counsel from one attorney who failed to object to the admission of evidence obtained in the search of the bags and from another attor-

ney who advised him not to participate at trial; and (3) his presentence investigation report (PSI) contains information improperly obtained from the grand jury. We conclude none of these contentions entitle Larson to habeas relief.

█ Larson did not raise the fourth amendment claim challenging the warrantless police search of the paper grocery bags before or during trial. Thus, he is barred from raising the claim unless he can show cause excusing the procedural default and actual prejudice. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir.1983). The district court found some of the seized drugs in the grocery bags were in plain view, and some were obtained during a police search that followed a private search conducted by the owner of the premises. Thus, the search of the bags challenged by Larson was not invalid under the fourth amendment. *See United States v. Newton*, 788 F.2d 1392, 1394 (8th Cir.1986) (plain view doctrine); *United States v. Jacobsen*, 466 U.S. 109, 113–15, 104 S.Ct. 1652, 1656–57, 80 L.Ed.2d 85 (1984) (police search within scope of private search not a fourth amendment violation); *United States v. Mefford*, 658 F.2d 588, 591–92 (8th Cir.1981) (no expectation of privacy in paper bag not sealed with tape, staples, or string), *cert. denied*, 455 U.S. 1003, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982). Because this underlying evidentiary claim is without merit, Larson has failed to demonstrate actual prejudice from the introduction of this evidence. *See Johnson*, 707 F.2d at 323.

In order to prevail on his claims of ineffective assistance of counsel, Larson must show the legal representation he received fell below an objective standard of reasonableness and that there is a reasonable probability, but for these unprofessional errors, the result of his trial would have been different. *See Kimmelman v. Morrison*, 477 U.S. 365, ——, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305 (1986); *Strickland v.*

*Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

█ First, in view of our conclusion Larson's fourth amendment claim lacks merit, the failure of Larson's counsel to raise the issue does not constitute ineffective assistance. *See Johnson*, 707 F.2d at 323. Second, the advice of Larson's other counsel not to participate at trial will not support an ineffective assistance claim in the circumstances of this case. Almost three pounds of pure cocaine were seized and other evidence of drug trading was present in the searched room occupied by Larson. In addition, Larson had access to alternate counsel from whom he could have sought advice, and the district court repeatedly warned Larson he was waiving constitutional rights by voluntarily choosing not to participate. Under these conditions, Larson did not receive ineffective assistance of counsel.

█ Finally, Larson argues information in his PSI was improperly obtained from grand jury records. While both direct and indirect disclosure of grand jury material is prohibited, only information that reveals what transpired in the grand jury room is protected from disclosure, and not all future revelations to proper authorities are foreclosed. *See In re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir.1982). After reviewing the record, we conclude Larson's argument on this point is purely speculative and does not provide grounds for habeas relief.

We have thoroughly reviewed the record and Larson's contentions. We affirm the district court's denial of Larson's petition.