**Duane Wendall LARSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 89–5171.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1990.

Decided June 6, 1990.

Rehearing and Rehearing En Banc Denied July 25, 1990.

Francis L. Goodwin, Sioux City, Iowa, for appellant.

Thor Anderson, Minneapolis, Minn., for appellee.

Before WOLLMAN, MAGILL and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Duane Wendall Larson appeals from the district court's dismissal of his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1988). Because we find that Larson's second petition is successive and that the district court's denial of Larson's first petition was a determination on the merits, we hold that the district court should have given controlling weight to its denial of Larson's first petition, and dismissed the second petition for that reason. Accordingly, we affirm.

## I. BACKGROUND

Larson was convicted in 1984 of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988), and of aiding and abetting such action, 18 U.S.C. § 2 (1988), after a police search of a motel room occupied by Larson yielded three pounds of cocaine. For a complete recitation of the facts surrounding Larson's conviction, see *United States v. Larson*, 760 F.2d 852, 853–55 (8th Cir.), *cert. denied*, 474 U.S. 849, 106 S.Ct. 143, 88 L.Ed.2d 119 (1985). On direct appeal of his conviction, Larson argued, in part, that the cocaine seized in the motel room should have been suppressed because the seizure violated his fourth amendment rights. We found that Larson had no legitimate expectation of privacy in the motel room, and affirmed the district court's denial of the suppression motion.

Larson then filed his first habeas petition pursuant to section 2255. He argued, for the first time, that the cocaine found in the motel room should have been suppressed because it was in sealed containers that could not be searched without a warrant. Larson also argued that he received ineffective assistance of counsel because his lawyer failed to raise this argument. The district court denied the petition, and this court affirmed. *Larson v. United States*, 833 F.2d 758 (8th Cir.1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1736, 100 L.Ed.2d 200 (1988). We found that, because he had not raised it below, Larson's fourth amendment claim was procedurally barred absent a showing of cause and actual prejudice. Because the district court had found that some of the cocaine was in plain view, the fourth amendment argument was without merit. Accordingly, Larson could prove no prejudice. Since the fourth amendment claim was without merit, so was the ineffective assistance claim; it cannot be ineffective assistance not to raise a meritless argument. *Larson*, 833 F.2d at 759.

In his second section 2255 petition, Larson raises the same ineffective assistance claim, based on the same fourth amendment sealed container argument. In addition, however, Larson now offers his own

affidavit, and that of a private investigator who interviewed several witnesses, as proof that the district court erred in finding that some of the cocaine was in plain view. Larson argues that this is new evidence, and that he is entitled to an evidentiary hearing on the matter.

▇ In reviewing Larson's second petition, the United States Magistrate found that the district court's denial of Larson's first petition could not be the basis for dismissal under Rule 9(b) of the Rules Governing Section 2255 Cases in the District Courts. The district court did not hold an evidentiary hearing on the factual issue of whether the cocaine was in sealed containers when it considered the first petition. Thus, the magistrate found that the denial of the first petition was not "on the merits," as required by *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963), if the denial of the first petition were to be the basis for dismissing the second petition as successive. The magistrate instead considered the second petition on the merits. He concluded that, even if the facts alleged by Larson were true, the fourth amendment motion to suppress would not have been successful. The search would still have been valid because, among other reasons, some of the cocaine was in plain view. Thus, the sixth amendment claim of ineffective assistance lacked merit, and the magistrate recommended that the second petition be dismissed. The district court adopted the magistrate's report and recommendation, and dismissed Larson's second petition.

On appeal, Larson argues that the district court's finding that some cocaine was in plain view, made in the district court's consideration of Larson's first petition, is clearly erroneous, that the district court in its consideration of the second petition so held, and that he is entitled to an evidentiary hearing. We think that Larson ignores the procedural disposition of this case. Larson's second petition is clearly a successive petition that should have been dismissed under the criteria set forth in *Sanders*. The district court's denial of Larson's first petition is entitled to be given control-

ling weight, and the second petition was, therefore, properly dismissed.

## II. DISCUSSION

In *Sanders*, the Supreme Court set forth the consideration which a district court must give to a successive habeas petition under either section 2254 or section 2255. *Sanders* held that controlling weight may be given to the district court's denial of a prior habeas petition if: "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077. These criteria were substantially codified in the enactment of 28 U.S.C. § 2254(b), dealing with state prisoners, and in Rule 9(b) of the Rules Governing Section 2255 Cases in the United States District Courts. Rule 9(b) provides that a successive petition may be dismissed if the court "finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." In its consideration of Larson's second petition, the district court concluded, as indicated, that it could not dismiss the petition as successive because its prior determination was not "on the merits." We disagree.

In his report and recommendation, the magistrate concluded that the district court's denial of Larson's first petition was not on the merits because the district court did not hold an evidentiary hearing. Report and Recommendation at 6. *Sanders* does not, however, provide that a prior determination is on the merits only if a hearing is held. Rather, the district court may deny the first petition "on the basis that the files and records conclusively resolved" the factual issues raised. *Sanders*, 373 U.S. at 16, 83 S.Ct. at 1077. Even though the district court did not hold an evidentiary hearing on the first petition, we think that its prior determination was nonetheless on the merits.

▇ A district court need not hold an evidentiary hearing if the facts alleged,

taken as true, would not justify relief. *United States v. Kraemer*, 810 F.2d 173, 178 (8th Cir.1987). "An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief." *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir.1989). *See also United States v. Johnson*, 751 F.2d 291, 294 (8th Cir.1984), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 275 (1985). Nor does *Sanders* somehow change the criteria for determining whether a district court must hold an evidentiary hearing. Sanders says only that the prior determination must be on the merits to be given controlling weight. There is no requirement that a district court must conduct an evidentiary hearing if the record is sufficient without it. Thus, we have held that the district court's denial of a prior habeas petition was on the merits even though the court did not hold an evidentiary hearing. *See, e.g., Williams v. Lockhart*, 862 F.2d 155, 157 (8th Cir.1988).

Larson's first habeas petition in this case was denied by the same district judge who presided at trial. The district court made a factual finding in its review of the first habeas petition that some of the cocaine seized was in plain view. Larson admits that he argued that this finding was clearly erroneous in his appeal to the Eighth Circuit. Brief for Appellant at 2. On appeal, we upheld the district court's finding, and thus concluded that Larson's fourth amendment argument was without merit. *Larson*, 833 F.2d at 759. Given the district court's finding from the trial record and this court's conclusions on appeal, the district court was not required to conduct an evidentiary hearing in this matter.

Larson further argues, however, that he is entitled to an evidentiary hearing because the district court in its dismissal of his second petition concluded that its factual findings in the first habeas were clearly erroneous. Brief for Appellant at 2, 7. Larson misconstrues the magistrate's report and recommendation, adopted by the district court. The magistrate merely held that "[f]or the purpose of determining the merit of such a suppression motion," he would accept Larson's factual allegations as true. Report and Recommendation at 12. In no way is this a finding that the district court was clearly erroneous in its earlier finding that some cocaine was in plain view. Indeed, the magistrate found that "the files and records in this case conclusively show that the paper bags were not sealed, [and] that all of the cocaine was [not] inside opaque containers." *Id.* at n. 3. Thus, Larson is not entitled to an evidentiary hearing on the ground that the district court has admitted error.

◼ Nor is Larson entitled to an evidentiary hearing because he presents newly discovered evidence relevant to the fourth amendment argument. Larson's evidence, consisting of his own affidavit and the conclusions of a private investigator, is simply not new. Anything asserted here was within Larson's knowledge at the time he filed his first habeas petition. Even if Larson's evidence were new, he would not be entitled to relief. Newly discovered evidence cannot be the basis for habeas relief absent a showing that it "would probably produce an acquittal on retrial." *Dumond v. Lockhart*, 885 F.2d 419, 421 (8th Cir. 1989) (quoting *Mastrian v. McManus*, 554 F.2d 813, 823 (8th Cir.), *cert. denied*, 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977)). Larson has not made such a showing and, for the reasons stated by the district court in its denial of his second petition, Larson can make no such showing.

## III. CONCLUSION

Accordingly, we hold that the district court's denial of Larson's first habeas petition should have been given controlling weight by the district court. Its prior determination was on the merits as required by *Sanders*. Thus, Larson argues only that the district court was initially incorrect in its finding that some of the cocaine was in plain view—a finding already established in the appeal of Larson's first habeas petition. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams*, 862 F.2d at 158 (quoting *Walker v. Lockhart*, 726 F.2d

1238, 1250 (8th Cir.) (en banc) (Arnold, J., concurring), *cert. dismissed*, 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984)). Here, Larson does no more than disagree with the previous habeas court. As a result, we affirm the judgment of the district court dismissing Larson's successive habeas petition.