**Douglas Wayne THOMPSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 93–2431.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 21, 1993.

Decided Oct. 28, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 22, 1993.

See also 906 F.2d 1292.

Joseph T. Walbran, Minneapolis, MN, (Francis X. Hermann and Joseph T. Walbran, on the brief), for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Douglas Wayne Thompson, a federal inmate, appeals from the district court's[1] deni-

---

6. Because we hold that the defendants are not liable, we need not address Choate's appeal on the damages issues.

1. The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff,

al of his 28 U.S.C. § 2255 petition. We affirm.

In January 1989, Thompson entered a conditional plea of guilty to aiding and abetting a robbery, conspiracy to commit bank robbery, possession of a firearm during a crime of violence, and interstate transportation of a firearm; he reserved the right to challenge the trial court's denials of his motion to suppress evidence seized at the time of his arrest. Thompson was sentenced to twenty years in prison and three years of supervised release.

On direct appeal, Thompson challenged the district court's denial of his motions to withdraw his guilty plea and to suppress evidence. He argued that the police had not had reasonable suspicion to stop the automobile in which he was riding or probable cause to make an arrest and search the vehicle. This court affirmed the district court on both grounds after concluding that the officers had probable cause to arrest Thompson and that they searched the car in a valid search incident to a lawful arrest. *United States v. Thompson*, 906 F.2d 1292, 1297–98 (8th Cir.), *cert. denied*, 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990).

In February 1992, Thompson filed this section 2255 petition, alleging, inter alia, that his conviction was invalid under the Fourth and Fifth Amendments because of prosecutorial misconduct, that he was denied his right to retain counsel of his own choice, and that he was denied effective assistance of counsel. In support of his claim for prosecutorial misconduct, Thompson alleged that Assistant United States Attorney Joseph Walbran, the prosecutor in his case, failed to disclose an investigative report prepared by FBI Agent James A. Hand, which Thompson argues establishes that the St. Paul police officers who testified at the suppression hearing lied when they said they arrested Thompson because he matched the informant's description of the suspect. Thompson also alleged Walbran knowingly elicited false testimony from witnesses concerning his arrest; Walbran made false representations to the district court and this court; Walbran deliberately deceived the courts by using a darkened photograph of

him to support the claims of probable cause; and Walbran refused to release the identity of the informant who provided the information giving the police probable cause for Thompson's arrest.

In support of his claim that he was denied his right to retain counsel of his own choice, Thompson reiterated his claims of prosecutorial misconduct, asserting that Walbran's misconduct prejudiced the court's determination of probable cause, and that without the misconduct, the court would have ordered his property returned to him without delay. In support of his claim that he was denied effective assistance of counsel, Thompson alleged that counsel failed to adequately investigate the facts, to present known defenses (alibi facts and witnesses), and to challenge his prior convictions that were used to enhance his sentence.

In response, the government argued that Thompson's claims of prosecutorial misconduct were procedurally defaulted and he failed to show cause and prejudice. The government argued that Thompson's remaining claims were meritless. The government submitted the affidavit of Colia F. Ceisel, Thompson's defense counsel, refuting Thompson's claims of ineffective assistance.

The district court concluded that all of Thompson's claims which derived from claims of misconduct were foreclosed by Thompson's direct appeal. The court ruled that Thompson was not unconstitutionally deprived of his right to retain counsel of his own choice when government officials seized his money as evidence when he was arrested. The court noted that Thompson waived the attorney-client privilege by alleging ineffective assistance of counsel and concluded that counsel was not ineffective for failing to seek perjurious information after Thompson fully admitted to her that he was guilty of the charges against him. The court also concluded that counsel was not ineffective for failing to challenge the validity of Thompson's previous convictions. Thompson now appeals.

■ Most of Thompson's claims of prosecutorial misconduct are an attempt to reliti-

United States Magistrate Judge for the District of Minnesota.

gate the validity of the stop, search, and seizure that took place incident to his arrest. We have already considered and rejected Thompson's claims that the officers lacked probable cause to stop the vehicle and arrest him and that Walbran deceived the courts by introducing a "darkened" photocopy of Thompson's license making it appear "rough." *See Thompson,* 906 F.2d at 1296–97. In addition, while Thompson claims that Walbran withheld Hand's report, the record shows that the report was disclosed to Thompson's counsel before Thompson entered his guilty plea. We conclude, therefore, that certain claims were considered on direct appeal and are not cognizable in this section 2255 motion, *see United States v. Holtzen,* 718 F.2d 876, 878 (8th Cir.1983) (per curiam), and other claims could have been raised on direct appeal, and Thompson has not shown cause and prejudice for his default. *See Larson v. United States,* 833 F.2d 758, 759 (8th Cir.1987) (per curiam), *cert. denied,* 486 U.S. 1008, 108 S.Ct. 1736, 100 L.Ed.2d 200 (1988).

■ The only allegation of prosecutorial misconduct that may not be procedurally barred is Thompson's assertion that Walbran knowingly elicited false testimony from witnesses. Thompson argues that the slight changes that have occurred in the witnesses' "stories" in each of Thompson's previous lawsuits support his claim of prosecutorial misconduct. We conclude, however, that the record is void of any proof that Walbran knowingly elicited false testimony from witnesses concerning Thompson's arrest or that Walbran made false representations to the district court and this court. *See United States v. Nelson,* 970 F.2d 439, 443 (8th Cir.), *cert. denied,* ––– U.S. –––, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992).

■ We have already found Thompson's claim that counsel was ineffective for failing to adequately investigate potential alibi witnesses to be "without merit." *Thompson,* 906 F.2d at 1299. We agree with the district court that counsel was not ineffective for not presenting alibi witnesses after Thompson admitted his guilt to her, and that counsel was not ineffective for not attempting to collaterally challenge the two Missouri con-

victions that were used to enhance Thompson's sentence.

■ Finally, we believe that the district court properly concluded that Thompson was not unconstitutionally denied his right to counsel of his choice after government officials seized his money upon arrest. *See United States v. Monsanto,* 491 U.S. 600, 614, 109 S.Ct. 2657, 2665–66, 105 L.Ed.2d 512 (1989) (pre-trial freezing of assets does not violate Sixth Amendment right to counsel); *see also Caplin & Drysdale v. United States,* 491 U.S. 617, 626, 109 S.Ct. 2646, 2651–52, 105 L.Ed.2d 528 (1989) (no Sixth Amendment right to use robbery proceeds to pay for defense counsel). To the extent that Thompson is challenging the legality of the search and seizure again, this "argument was previously resolved adversely to him on direct appeal, [and, as a result,] it is not cognizable under section 2255." *Holtzen,* 718 F.2d at 878.

Accordingly, we deny Thompson's motion for summary reversal and affirm the district court's denial of Thompson's section 2255 motion.