21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Parnell RILEY, Sr., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2462.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 23, 1993.
Filed: April 5, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Parnell Riley appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. We affirm.
 
 
 2
 On February 24, 1989, a jury found Riley guilty of drug trafficking and firearm offenses. Riley appealed his conviction on the ground that the district court erred in denying his motion to suppress evidence seized by officers at the Little Rock, Arkansas airport. This court affirmed the district court's judgment. United States v. Riley, 927 F.2d 1045 (8th Cir. 1991).
 
 
 3
 While that appeal was pending, Riley filed a motion for new trial based on newly discovered evidence that witness testimony had been coerced. The district court denied the motion after a hearing on July 14, 1989. Riley did not appeal the ruling.
 
 
 4
 Riley later filed this motion claiming that his conviction was obtained by the use of coerced testimony, and that he received ineffective assistance based on counsel's failing to investigate the case before trial, conspiring with the government to prevent a witness from testifying that a government agent had coerced her to give false testimony, and not representing Riley to the best of counsel's ability. Riley attached a copy of a June 1989 letter to the trial judge from Temporal Denise Davis (sometimes referred to as Laura Debra Davis), alleging that she and Darlene Scott were coerced to testify falsely against Riley. The district court denied his motion, finding that the allegations of conspiracy and coercion were unfounded and unsupported by the record. The court found that the allegations of ineffective assistance of counsel were also unfounded, and that the claim failed to satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 In this timely appeal, Riley argues that his due process rights were violated by the failure to preserve evidence of an in-chambers conference on February 23, 1989, during which his attorney made a statement that meant he would not let Davis give her "full testimony" regarding the government's coercion, and that this evidence was necessary to show outrageous government conduct and ineffective assistance of counsel. He contends that the government coerced the testimony of Scott and Davis; that his counsel was ineffective, based on a conflict of interest arising from counsel's contemporaneously seeking employment with the U.S. Attorney, and on the failure to move to suppress evidence seized as a result of Riley's illegal detention in Los Angeles; and that the court erred in denying his section 2255 motion without an evidentiary hearing.
 
 
 6
 As to Riley's last argument, an evidentiary hearing is unnecessary if the record is sufficient without it. Larson v. United States, 905 F.2d 218, 221 (8th Cir. 1990). At the evidentiary hearing on Riley's motion for new trial, he was given the opportunity to present whatever newly discovered evidence he had that Scott's and Davis's testimony had been coerced. A transcript of that hearing (at which Riley was represented by counsel) is a part of this record. The record in this case was sufficient to decide Riley's coerced-testimony claims without another hearing.
 
 
 7
 We agree with the district court that Riley's allegations of conspiracy and coercion are unsupported by the record. Davis had no direct knowledge about the case other than what Scott had told her, and Davis's trial testimony was relevant only to impeach Scott. When asked at the hearing on Riley's new-trial motion whether threats Detective Barnett allegedly made to her during trial in any way changed her testimony, Davis responded, "No." Davis's own testimony thus refutes Riley's allegations that her trial testimony was coerced or incomplete, and defeats Riley's related argument that his attorney conspired to prevent Davis from testifying fully about the government's coercion.
 
 
 8
 The allegation that Scott's testimony was coerced is also unsupported by the record. Although at the hearing on the new-trial motion Davis testified that Scott had told her that Detective Barnett threatened Scott to get her to say what he wanted at Riley's trial, Davis said nothing about this at the trial when she was asked specifically whether she had had any conversation with Scott concerning Riley. Riley has offered no evidence from Scott herself.
 
 
 9
 Riley's claims of ineffective assistance based on counsel's alleged conflict of interest and failure to move to suppress certain evidence are raised for the first time on appeal, and are thus not properly before this court. See United States v. Oldham, 787 F.2d 454, 457 (8th Cir. 1986).
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas