_____

No. 95-1395
_____

Newman Lee Wiley,                    *
                                     *
          Appellant,                 *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  District of Minnesota.
United States of America,            *
                                     *  [UNPUBLISHED]
          Appellee.                  *


_____

          Submitted:  February 2, 1996

             Filed:  February 12, 1996
_____

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Newman Lee Wiley appeals from the district court's[1] order
summarily denying his 28 U.S.C. § 2255 motion to vacate, set aside,
or correct his sentence for possession with intent to distribute
cocaine base.  We affirm.


     We review de novo the district court's summary dismissal of a
section 2255 motion.  Holloway v. United States, 960 F.2d 1348,
1351 (8th Cir. 1992).  When a district court denies a section 2255
motion without an evidentiary hearing, we will affirm only when we
are persuaded by our de novo review that the motion and the files
and records of the case conclusively show the movant is not
entitled to relief.  Duke v. United States, 50 F.3d 571, 576 (8th
Cir.), cert. denied, 116 S. Ct. 224 (1995).

_____

     [1]The Honorable Paul A. Magnuson, Chief United States District
Judge for the District of Minnesota.

Wiley's claim that the indictment was impermissibly varied was raised and decided against him on direct appeal, see United States v. Wiley, 29 F.3d 345, 347-50 (8th Cir.), cert. denied, 115 S. Ct. 522 (1994), and accordingly he cannot relitigate that claim here, see Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam).

Assuming Wiley's argument that the indictment failed to state an essential element of the crime presents a distinct claim, he is barred from raising it because it was not raised on direct appeal, see Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam), and he did not show how he was prejudiced by his counsel's failure to do so, see Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) (no § 2255 relief for unappealed errors absent showing of both cause and prejudice).

We conclude Wiley's independent ineffective-assistance claim fails, because he did not show how he was prejudiced by counsel's failure to "timely" raise the meritless claim that the indictment was impermissibly varied. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel not ineffective for failing to raise meritless claims); Otey v. Grammer, 859 F.2d 575, 577 (8th Cir. 1988) (when addressing ineffective assistance claims, court need not examine both elements if one element lacking), cert. denied, 497 U.S. 1031 (1990).

Finally, we conclude the district court did not abuse its discretion in failing to conduct an evidentiary hearing. See Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990) (evidentiary hearing not required where files and records of case conclusively show petitioner not entitled to relief), cert. denied,

-2-

113 S. Ct. 1278 (1993).  We do not consider Wiley's arguments raised for the first time on appeal.  See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995) (this court will not decide issues not presented to and adjudicated by the district court).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.