# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2957

_____

|  |  |  |
|---|---|---|
| Frank Adipietro, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| United States of America, | * | District of Missouri. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: September 16, 1999

Filed: October 5, 1999

_____

Before BOWMAN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In a motion made pursuant to 28 U.S.C. § 2255, Frank Adipietro challenged his sentence of 190 months' imprisonment for conspiring to distribute, and to possess with intent to distribute, marijuana, in violation of 21 U.S.C. § 841(a)(1), § 846. The district court[1] denied the motion and Mr. Adipietro appealed. Mr. Adipietro asserts that the district court erred in determining the amount of marijuana properly attributable to him for sentencing purposes. Mr. Adipietro's specific complaint is that the relevant record

_____

[1]The Honorable D. Brook Bartlett, Chief United States District Judge for the Western District of Missouri.

does not support a finding that he conspired to acquire over 1,000 kilograms of marijuana.

Despite Mr. Adipietro's vigorous argument to the contrary, we find that he is estopped from making this contention because it was raised and rejected on direct appeal. *See United States v. Adipietro*, 983 F.2d 1468, 1472 (8th Cir. 1993). Mr. Adipietro admits that he challenged the district court's drug calculation on appeal, but maintains that his objection was to the inclusion of promised, future deliveries, not to the quantities promised in those future deliveries. That point, he says, was not raised, and his counsel was ineffective for not doing so.

Mr. Adipietro's brief on direct appeal from his sentence belies his contention. The brief specifically maintains that the district court erred "as a matter of fact by determining that [future negotiated deliveries] amounted to a negotiation for over 1,000 kilograms of marijuana," and the brief argues, among other things, that the court "utilized inaccurate facts (amounts and numbers of deliveries) to determine the amount of marijuana." Mr. Adipietro makes the exact same argument in the instant case, and thus his § 2255 petition is an abuse of the writ. *See Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (*per curiam*), *cert. denied*, 511 U.S. 1010, 1038 (1994).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2–