# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3605

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Larry D. Rogers, | * | District of Arkansas. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted:  September 13, 2001

Filed:  November 2, 2001

_____

Before  MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges, and
LONGSTAFF,[1] District Judge.

_____

PER CURIAM.

After Larry Rogers was convicted of possessing controlled substances with the intent to distribute them, *see* 21 U.S.C. § 841(a)(1), and of related charges, he appealed asserting, *inter alia*, that the district court[2] should have suppressed

_____

[1]The Honorable Ronald E. Longstaff, Chief United States District Judge for the Southern District of Iowa, sitting by designation.

[2]The Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

documents linking him to the controlled substances. When that appeal was rejected, *see United States v. Rogers*, 150 F.3d 851 (8th Cir. 1998), *cert. denied*, 525 U.S. 1113 (1999), Mr. Rogers filed the present petition under 28 U.S.C. § 2255, claiming that the warrant pursuant to which the same documents were seized was defective because it did not describe the items to be seized with the specificity that the Fourth Amendment requires. On appeal, it appears to us that the ground of Mr. Rogers's objection to the search has shifted somewhat, for he now argues that items were seized that were not described in the search warrant and thus that their seizure was unconstitutional as beyond the scope of the warrant.

Whatever the true basis of Mr. Rogers's claim, we find it without merit. Before his trial, Mr. Rogers moved to suppress the documents in the district court partly on the basis that they were the product of a warrant that was defective for lack of particularity in the description of the items to be seized, and the district court denied his motion. It is true that the district court did not specifically discuss this particular ground in denying the motion, but the claim was advanced and rejected, and we affirmed the denial of the motion on appeal. A claim once made and rejected, absent exceptional circumstances not present here, cannot be renewed in a petition under 28 U.S.C. § 2255. *See Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (*per curiam*), *cert. denied*, 511 U.S. 1010, 1038 (1994); *see also Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

Even if we construe Mr. Rogers's present claim as raising an issue with respect to the scope of the warrant, the claim is barred because Mr. Rogers did not raise it in his motion to suppress and he has therefore defaulted it. *See Wilson v. United States*, 554 F.2d 893, 894 (8th Cir. 1977) (*per curiam*), *cert. denied*, 434 U.S. 849 (1977).

We therefore affirm the order of the district court denying the motion.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.