**Gregory Wade THOMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 91–2150.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 29, 1991.

Decided Dec. 17, 1991.

Rehearing and Rehearing En Banc Denied Feb. 7, 1992.

Gregory Wade Thomas, pro se.

Gary L. Hayward, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON, WOLLMAN and MAGILL, Circuit Judges.

PER CURIAM.

Gregory Wade Thomas appeals from the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.

Thomas pleaded guilty to drug distribution, conspiracy, and weapons charges. The district court imposed a 168–month prison term on the drug charges, a concurrent 60–month term on the felon-in-possession of a firearm charge, and a consecutive 5–year term on the charge of using a firearm during and in relation to a drug trafficking crime. Thomas appealed, arguing

---

**1.** The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

that use of two prior convictions to enhance his sentence violated double jeopardy. This court rejected his argument, and affirmed the sentence. *United States v. Thomas*, 895 F.2d 1198, 1201–02 (8th Cir. 1990).

Thomas then filed this section 2255 motion, claiming his guilty plea should be vacated and his sentence set aside. He asserted that he was selected for federal prosecution because he is black; that he was entitled to a downward departure at sentencing based on his potential for drug rehabilitation; that the presentence report (PSR) contained erroneous information; that his guilty plea was invalid; and that counsel rendered ineffective assistance. Thomas alleged that there was no factual basis for his plea to the conspiracy count or to the use of a firearm during and in relation to a drug trafficking crime count; that the district court failed to explain adequately the meaning of an *Alford*[2] plea; and that the plea was coerced because he was suffering from cocaine withdrawal at the time. As support for the ineffective assistance claim, Thomas alleged counsel's performance was deficient because she failed to conduct an adequate pre-plea investigation, object to inaccurate information in the PSR, argue the selective prosecution issue, and present or obtain evidence pertaining to Thomas' drug addiction.

The district court ordered the government to respond, and then denied the motion for "the reasons stated in the government's response." This appeal followed. Thomas reiterates the claims raised in his motion, and argues the district court erred by failing to hold an evidentiary hearing.

 Thomas' selective prosecution claim fails because he did not allege an essential element—that he was "singled out for prosecution while similarly situated individuals have not been prosecuted for similar conduct." *United States v. Aanerud*, 893 F.2d 956, 960 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 72, 112 L.Ed.2d 46 (1990). Additionally, because the claim lacks merit, Thomas' attorney was not ineffective for failing to raise it. Next, we reject Thomas' contention that he

was entitled to a downward departure based on the likelihood that he would overcome his drug addiction while incarcerated. *See United States v. Laird*, 948 F.2d 444, 447 (8th Cir.1991) (rejecting same argument). Thomas' claim regarding the inaccuracies in the PSR is meritless because the alleged errors had no impact on his sentence. Consequently, Thomas' counsel was not ineffective for failing to object to these matters.

 We also reject Thomas' attack on the sufficiency of the factual basis for his guilty pleas to the charges of conspiracy and use of a firearm during and in relation to a drug trafficking offense. Thomas' testimony reveals that he agreed to allow four unnamed persons to use his home to process and package their crack cocaine. Thomas had previously purchased crack from these individuals, and he received a $2,000 reduction on his drug debt for helping them. Thomas stipulated that 428 grams of crack were recovered from his home. This is sufficient to support his guilty plea to the conspiracy charge. *See United States v. Turpin*, 920 F.2d 1377, 1384 (8th Cir.1990), *cert. denied sub nom. Williams v. United States*, — U.S. —, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991). On the firearms charge, Thomas admitted he owned three of the five weapons listed in the indictment and found in his bedroom when he was arrested. He refused to admit, however, that the guns had anything to do with the drug trafficking offense. Nevertheless, his testimony is sufficient to establish a factual basis for his guilty plea to this charge. *See, e.g., United States v. Boucher*, 909 F.2d 1170, 1175 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 350, 112 L.Ed.2d 314 (1990).

 In any event, Thomas ultimately entered an *Alford* plea to this charge, and the record contradicts his claim that the district court did not explain the meaning of the plea to Thomas. Likewise, the record does not support Thomas' claim that his guilty plea was coerced because he was suffering from cocaine withdrawal at the time of the plea. Thomas specifically testified that he was not taking any drugs or medication

---

**2.** *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

that made it difficult for him to understand the proceedings. He also stated that no one used force or threats to get him to plead guilty. These statements provide persuasive evidence as to the voluntariness of his plea. *Harvey v. United States*, 850 F.2d 388, 397 (8th Cir.1988).

Regarding Thomas' ineffective assistance claim, we have rejected as independent grounds for section 2255 relief each of the allegations set forth in support of this claim, with one exception. Counsel's failure to raise these meritless issues does not constitute ineffective assistance. The remaining allegation—that counsel conducted an inadequate pre-plea investigation—does not support a finding of ineffective assistance, even if true, because Thomas cannot establish a reasonable probability that he would have gone to trial had counsel thoroughly investigated the case. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Counsel informed Thomas at the guilty plea hearing that he could be acquitted on some of the charges if he went to trial, but Thomas still insisted on pleading guilty. Finally, we reject Thomas' claim that the district court erred by denying the motion without an evidentiary hearing, as the record shows Thomas was not entitled to relief. *See Larson v. United States*, 905 F.2d 218, 221 (8th Cir.1990).

Accordingly, we affirm.