DECISION AND JUDGMENT ENTRY
Kristi L. Payton appeals her conviction in the Ross County Court of Common Pleas on three counts of forgery in violation of R.C. 2913.31. Payton contends that she did not receive effective assistance of counsel at trial because her trial counsel failed to object to the state's failure to properly authenticate checks introduced into evidence. We disagree, because the state properly authenticated the checks, and hence any objection by counsel would have been fruitless. Payton also contends that her conviction is against the manifest weight of the evidence because her trial testimony was more credible than the victim's trial testimony. Because the record contains substantial evidence upon which a jury could reasonably conclude that Payton committed forgery, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
Steve Rinehart, owner of Rinehart Delivery and Moving in Chillicothe, Ohio, employed Payton as his secretary from August of 1999 through February of 2000. Diane Enderle, a former Rinehart employee, trained Payton how to use a computer program that generated the checks and ledger for the business. As part of her job duties, Payton used that computer program to generate checks to pay bills for the business. However, Rinehart always signed the checks himself. Additionally, Rinehart personally handled the input of payroll information into the computer, and printed and signed the employee paychecks himself.
As Rinehart was preparing employee payroll on February 26, 2000, he noticed that something was wrong with the check records. Upon further investigation, he discovered three checks that he thought appeared suspicious. After questioning Payton, Enderle, and his bank, Rinehart contacted law enforcement.
When Rinehart received his cancelled checks from the bank, he observed that one of the suspicious checks was made payable to "cash" and bore Payton's signature on the back. The second was made payable to Payton and bore Payton's signature on the back. That check's memo line indicated that it was a paycheck for the first pay period in February. However, Rinehart's records reflected that he had already paid Payton for that pay period with a different check, which Payton also had cashed. The third check was made payable to "cash" and the endorsement on the back read "S. Rinehart," but Rinehart testified that he had not signed the check and was not in town on the day it was written and cashed. All three checks bore the "S. Rinehart" signature on the front, but Rinehart did not create or sign any of them.
The Ross County Grand Jury indicted Payton on three counts of forgery. The court held a jury trial at which Rinehart, Enderle, Payton, and Ross County Sheriff's Captain Andrew Duncan testified. Rinehart testified that he did not write any of the three checks or authorize anyone else to write them. Additionally, he testified that only he, Enderle and Payton know the computer password to get into the check — generating program from which the checks were printed.
Enderle testified that she did not work for Rinehart or go to his office during the roughly five months between the time that she trained Payton and the time that Rinehart contacted her regarding the suspicious checks. Enderle also stated that while she was working for Rinehart prior to Payton's hiring, she occasionally went to the bank for Rinehart, but Rinehart usually went to the bank himself. Enderle testified that she never wrote a check in order to withdraw cash for Rinehart for Rinehart's personal use.
Payton testified that she often cashed checks for Rinehart in the course of her employment. She stated that, at Rinehart's direction, she would get cash from the bank because Rinehart paid overtime to his employees in cash and because Rinehart frequently needed cash for his own personal use. Payton further stated that she usually did the payroll, not Rinehart.
Payton admitted that she cashed the two checks with her endorsement on the back and stated that she probably cashed the check with Rinehart's endorsement on the back, but stated that she could not specifically recall any of the checks. Payton stated that the check payable to her was a paycheck for the first week of February. Despite the fact that the state presented two checks that were payable to Payton for work during the first week of February, and the fact that Payton admitted to cashing them both, Payton insisted she did not get paid twice for the same pay period. She could not further explain the two checks.
Without objection by Payton, the state introduced the three suspicious checks and Payton's paycheck for the first week of February into evidence.
The jury found Payton guilty on all three counts of forgery. The trial court entered judgment and sentence accordingly. Payton appeals, asserting the following assignments of error:
Appellant was denied effective assistance of counsel because trial counsel failed to object to documentary evidence that was not properly authenticated prior to being offered as exhibits.
The verdict is against the manifest weight of the evidence.
 II.
In her first assignment of error, Payton asserts that she did not receive effective assistance of counsel. Specifically, Payton asserts that her trial counsel was ineffective because counsel failed to object to the state's introduction of the three cancelled checks into evidence. Payton argues that the checks were not properly authenticated because the state did not present any witnesses from the bank to testify that the checks had been presented for payment.
In reviewing a case for ineffective assistance of counsel, we apply the following test:
 Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
State v. Ballew (1996), 76 Ohio St.3d 244, 255, citing Stricklandv. Washington (1984), 466 U.S. 668, 687.
As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. Counsel's failure to assert a meritless claim does not constitute ineffective assistance of counsel. State v. Nitenson (Feb. 24, 1994), Highland App. No. 91CA796, citing Thomas v. United States (8th Cir. 1991), 951 F.2d 902, 905.
A trial court has broad discretion in the admission or exclusion of evidence, and so long it exercises its discretion in line with the rules of procedure and evidence, the trial court's judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271; State v. Hymore (1967), 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Evid.R. 901(A) provides in relevant part that a party satisfactorily authenticates a document when it presents "evidence sufficient to support a finding that the matter in question is what its proponent claims." The "sufficient to support a finding" standard means that the proponent must present foundational evidence that is sufficient to constitute a rational basis for a jury to decide that the primary evidence is what its proponent claims it to be. State v. Isley (June 26, 1996)' Summit App. No. 17485, citing State v. Caldwell (Dec. 4, 1991), Summit App. No. 14720, unreported. "The proponent need not offer conclusive evidence as a foundation but must merely offer sufficient evidence to allow the question as to authenticity or genuineness to reach the jury." Id.
In this case, Rinehart identified the three checks as checks generated from his computer, bearing his name and account number. Enderle and Payton also stated that the checks appeared to be checks generated by Rinehart's computer. Rinehart also testified that he received the cancelled checks from the bank. Rinehart testified that his bank statement reflected deductions from his account in amounts corresponding to each of the suspicious checks. These deductions were identified as payments on check numbers identical to the numbers of the three suspicious checks.
This evidence is sufficient to support a finding that the state's exhibits are the authentic suspicious checks referred to in this case. Thus, the trial court did not abuse its discretion by admitting the exhibits, and any further determination regarding authentication was for the jury and goes to the weight and not the admissibility of the evidence. See State v. Blevins (1987), 36 Ohio App.3d 147, 150.
Because Payton's argument that the checks were not properly authenticated has no merit, Payton's trial counsel's failure to raise an authentication objection below may be considered sound trial strategy, and certainly falls within the range of reasonable professional assistance. Therefore, we find that Payton's counsel provided her with competent, effective professional assistance. Accordingly, we overrule Payton's first assignment of error.
 III.
In her second assignment of error, Payton contends that her conviction is against the manifest weight of the evidence. Payton contends her testimony was credible. Specifically, Payton feels that the jury should have believed that she followed ordinary office procedures when she cashed the checks payable to "cash," and that the check payable to her was a valid paycheck. Payton asserts that Rinehart's contrary testimony and his testimony regarding overtime pay "made it appear as though he is involved in some questionable business practices," and consequently was not credible. Thus, Payton contends that the jury should have returned a "not guilty" verdict.
In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Garrow (1995),103 Ohio App.3d 368, 370-71; Martin, 20 Ohio App.3d at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." Statev. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
Pursuant to R.C. 2913.31(A), a person commits forgery when he or she, acting with the purpose to defraud, forges any writing of another without the other person's authority. In this case, Rinehart's testimony constitutes substantial evidence upon which the jury could conclude that Payton forged Rinehart's checks without his authority. Payton admits that she cashed the checks, and Rinehart testified that he did not receive the money or authorize Payton to take it. Based on this evidence, we cannot say that the jury clearly lost its way or created a manifest miscarriage of justice. We find that Payton's convictions are not against the manifest weight of the evidence.
 IV.
In conclusion, we find that Payton received effective assistance of counsel and that her convictions are not against the manifest weight of the evidence. Accordingly, we overrule Payton's assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Evans, J.: Concur in Judgment and Opinion.