OPINION
Defendant-appellant Roy Marcum appeals the July 19, 2001, Judgment Entry of the Richland County Court of Common Pleas which convicted and sentenced appellant on one count of murder, in violation of R.C.2903.02(A). The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Defendant-appellant Roy Marcum [hereinafter appellant] was indicted on one count of murder, in violation of R.C. 2903.02(A), with a firearm specification, and one count of possession of weapons while under disability, in violation of R.C. 2923.13(A)(2), with a firearm specification. Appellant was arraigned on March 13, 2001. Appellant entered a plea of not guilty to all charges.
A jury trial was conducted July 11 through 16, 2001. On the first day of trial, July 11, 2001, appellant withdrew his plea of not guilty and entered a guilty plea to the offense of having weapons while under disability. The trial court dismissed the firearm specification to the charge of having weapons while under disability. The trial proceeded on the remaining count of murder, with firearm specification. On July 17, 2001, the jury returned a verdict of guilty on the count of murder, as charged in the indictment, and found that appellant used a firearm in the commission of the offense.
On July 19, 2001, the trial court entered a Judgment Entry that found that appellant had been convicted of one count of murder, with firearm specification, and one count of having weapons while under disability. On the count of murder, appellant was sentenced to a prison term of 15 years to life. On the count of having weapons while under disability, appellant was sentenced to a prison term of one year. The trial court ordered that the two sentences be served concurrently. In addition, appellant was sentenced on the firearm specification to an additional three years of mandatory and consecutive imprisonment, pursuant to R.C. 2929.14(D)(1). In its Judgment Entry, the trial court noted that "___ days of JAIL TIME CREDIT is granted against this sentence as of this date along with future custody days while defendant awaits transportation to the appropriate state institution." The trial court did not fill in the blank indicating the number of days of jail time credit granted.
It is from the July 19, 2001, Judgment Entry that appellant appeals, raising the following assignments of error:
 I. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION OF APPELLANT BEYOND A REASONABLE DOUBT.
 II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL SINCE TRIAL COUNSEL FAILED TO MOVE FOR ACQUITTAL AT THE CLOSE OF THE PROSECUTION'S CASE.
 III. APPELLANT WAS NOT PROPERLY GIVEN CREDIT FOR TIME SPENT IN THE RICHLAND COUNTY JAIL WHILE AWAITING TRIAL.
 I
In the first assignment of error, appellant contends that there was insufficient evidence upon which to support appellant's conviction beyond a reasonable doubt.[1] We disagree.
Before we may review appellant's assignment of error, we must consider whether appellant preserved this issue for appellate review. "In order to preserve the right to appeal the sufficiency of evidence upon which a conviction is based, a defendant must timely file a Crim.R. 29 motion for acquittal with the trial court."[2] State v. Perry (Aug. 29, 1997), Trumbull App. No. 94-T-5165, unreported, 1997 WL 590789.
In accord, State v. Colon (June 21, 2001), Cuyahoga App. No. 06212001, unreported, 2001 WL 703872 (citing State v. Roe (1989), 41 Ohio St.3d 18,25.) Therefore, "[i]f a Crim. R. 29 motion is not made by a defendant, he or she waives any sufficiency of evidence argument on appeal." Id.; see also State v. Roe (1989), supra.
In the case sub judice, appellant failed to make a motion for acquittal.[3] Therefore, appellant did not preserve his right to appeal based upon insufficient evidence.
However, considering appellant's assignment of error on the merits, appellant's argument fails. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
Appellant was indicted on one count of murder, in violation of R.C.2903.02(A). Revised Code 2903.02(A) states the following, in pertinent part: "No person shall purposely cause the death of another. . . ." Appellant was indicted for the murder of his common law wife, Carol Marcum.
Appellant concedes that the State proved the following:
a. Carol Marcum died of a gunshot wound to the chest;
 b. It is unlikely that Carol Marcum committed suicide;
 c. There is no evidence that a third person was involved;
 d. Appellant and Carol Marcum were apparently alone in the trailer at the time of the shooting;
 e. Appellant provided three different versions of his location at the time of the shooting, at least two of which were lies:
 (1) appellant found Carol Marcum on the floor when he arrived home from the Amvets [bar]
 (2) appellant was asleep on the couch when he woke up and found Carol Marcum was on the floor next to him
 (3) appellant was sleeping on the couch, he went to the bathroom, and when he came out, Carol Marcum was on the floor.
Appellant submits that the sum total of the evidence is insufficient to prove appellant committed the murder of Carol Marcum beyond a reasonable doubt.
However, there are additional pieces of evidence presented to the jury which are not identified by appellant in his argument. The State presented the following, additional evidence: A neighbor heard appellant return home that night and then heard a gunshot approximately 20 minutes later. Although appellant told a neighbor that Carol Marcum may have shot herself, no weapon was found near Carol. The only gun found at the scene was in a locked lockbox to which appellant had the key. The gun had four live rounds and one spent casing. A forensic pathologist testified that given the nature of the injury, Carol Marcum would not have been able to shoot herself, go to the lockbox, place the gun in the lockbox, relock the lockbox and return to the location at which she was shot. Further, there was not a trail of blood between Carol Marcum's body and the lockbox. Gunshot residue was found on appellant's shirt. Appellant and Carol Marcum had a violent relationship in which appellant had beaten Carol Marcum and threatened to kill her previously. Carl Flemming, an inmate at the Richland Correctional Institute, testified that appellant admitted that appellant had shot his wife.
When the totality of the evidence is viewed in a light most favorable to the prosecution, we find that the evidence was sufficient to convince the average mind of appellant's guilt beyond a reasonable doubt. A rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant claims that he was denied effective assistance of counsel when his trial counsel failed to move for acquittal at the close of the prosecution's case. We disagree.
Criminal Rule 29 provides that a court shall enter a judgment of acquittal sua sponte or on the motion of a defendant if "* * * the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing a trial court's ruling on a Crim.R. 29 motion, this Court must construe the evidence in a light most favorable to the prosecution. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. Moreover, counsel's failure to make a Crim.R. 29 motion for acquittal is not ineffective assistance of counsel where such a motion would have been fruitless. See Defiance v. Cannon (1990), 70 Ohio App.3d 821, 826-27
 Thomas v. United States (C.A.8, 1991), 951 F.2d 902, 905 (holding that a failure of defense counsel to raise a meritless claim does not constitute ineffective assistance). See, also, State v. Fields (1995),102 Ohio App.3d 284, 288-89
 State v. Turner (Feb. 27, 1997), Allen App. No. 1-96-27, unreported, 1997 WL 101776.
Under the circumstances of this case, a Crim.R. 29 Motion for Acquittal would have been a meritless claim. As discussed in assignment of error one, appellant's trial counsel may have waived any appeal regarding the sufficiency of the evidence adduced at trial when he failed to make a motion for acquittal. However, we determined that appellant's conviction was supported by sufficient evidence. A Crim R. 29 Motion for Acquittal would have been fruitless under these circumstances. Therefore, this court finds that in light of the evidence to support appellant's conviction, trial counsel was not ineffective for failing to make a motion for acquittal.
Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that the trial court did not give appellant proper credit for time served in the Richland County Jail while awaiting trial. The trial court's sentencing entry indicates that appellant was given credit for time served in the county jail but the space allotted in the Judgment Entry for the exact number of days credited was left blank. We find that appellant's argument fails.
Appellant cites this court to no authority in support of his argument. This court's own, independent research has found that there is no statute or criminal rule which currently requires a trial court to calculate the number of days of jail time credit to which an offender is entitled. This issue was addressed by the Second Appellate District:
 Formerly, trial courts were required by Crim.R. 32.2 to recite, in the termination entry, the amount of time that a convicted defendant spent incarcerated before sentencing. However, Crim.R. 32.2 was amended, effective July 1, 1998, and no longer contains this requirement. The Department of Rehabilitation and Corrections understandably would appreciate a trial court's recitation, in its termination entry, of the amount of time that a convicted defendant has spent in jail upon the charge for which g he was convicted, so that the Department may perform its duty pursuant to R.C. 2967.191. See Ohio Adm. Code 5120-2-04(B), which purports to require the sentencing court to do so[4]. Although we cannot say that a trial court is required by law to recite the amount of pre-sentence jail time in its termination entry, that is, in our view, clearly the better practice.
 State v. Reichelderfer (April 30, 1999), Montgomery App. No. 17445, unreported, 1999 WL 252798. In accord, State v. Persons (March 22, 2000), Meigs App. Nos. 99 CA10, 99 CA 11, unreported, 2000 WL 310359
State v. Thorpe (June 30, 2000, Franklin App. Nos. 99AP-1180, 99AP-1181, 99AP-1182, 99AP-1183, 99AP-1184, 99AP-1185, 99AP1186, 99AP-1187, unreported, 2000 WL 966702.
It is clear that felons such as appellant may reduce their sentence through credit for time served. Revised Code 2949.12 states that a sheriff who is delivering a convicted felon into the custody of a prison shall present the managing officer of the prison's reception facility a copy of the convicted felon's sentence that, pursuant to R.C. 2967.191, specifies the number of days, if any, the felon was confined for any reason prior to conviction and sentence. Revised Code 2967.191, states that the Department of Rehabilitation and Corrections shall reduce the felon's prison term by the total number of days that the prisoner was confined for any reason arising out of the offense for which the felon was convicted and sentenced. Neither of these code provisions make the trial court responsible for the calculation of the time served to be credited to the felon.
We agree with the analysis of the Reichelderfer court. The better practice is for the trial court to state the amount of pre-sentence jail time to be credited in its sentencing entry. However, we cannot say that it was error for the trial court to fail to do so.
Appellant's third assignment of error is overruled.
The judgment of the Richland County Court of Common Pleas is affirmed.
By Edwards, J., Gwin, P.J., Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.
[1] In appellant's Merit Brief, appellant specifically states that he does not raise a manifest weight argument.
[2] Crim.R. 29(A) states that: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
[3] The issue as to whether appellant was denied effective assistance of counsel when his trial counsel failed to move for acquittal is raised in assignment of error II.
[4] Ohio Administrative Code 5120-2-04(B) provides the following:
 5120. DEPARTMENT OF REHABILITATION AND CORRECTION CHAPTER 5120-2. SENTENCE DETERMINATION AND REDUCTION 5120-2-04
REDUCTION OF MINIMUM AND MAXIMUM OR DEFINITE SENTENCE OR STATED PRISON TERM FOR JAIL TIME CREDIT
. . .
 (B) The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term.