DECISION AND JUDGMENT ENTRY
{¶ 1} Michael L. Murphy appeals his conviction and sentence in the Marietta Municipal Court for driving under the influence, a violation of R.C. 4511.19(A)(1). Murphy contends his conviction is not supported by sufficient evidence and is contrary to the manifest weight of the evidence. Because we find that the evidence admitted at trial, if believed, would convince the average mind of Murphy's guilt beyond a reasonable doubt, and because, upon reviewing the entire record, we cannot find that in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice, we disagree. Murphy also contends that he did not receive effective assistance of counsel because his trial counsel failed to move for acquittal under Crim.R. 29. Because we find that a Crim.R. 29 motion would have been fruitless, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} While driving south on State Route 60 in Washington County, Ohio, Ohio State Highway Patrol Trooper John J. Smith received a dispatch regarding a possible drunk driver in a white Oldsmobile driving north. A white Oldsmobile drove past Tpr. Smith, and Tpr. Smith turned around to follow it. Tpr. Smith noticed that the Oldsmobile sped up when he turned to follow it. The car turned, and a short time later Tpr. Smith observed the car veer off the right side of the road, then return to the road. Tpr. Smith then activated his emergency lights and pulled the car over. The video camera in Tpr. Smith's cruiser captured an audio and video recording of the stop.
 {¶ 3} Tpr. Smith approached the car and noticed a strong odor of alcohol coming from the driver, Murphy. He also noticed that Murphy had bloodshot and glassy eyes. Murphy admitted to Tpr. Smith that he had consumed two beers. After Murphy exited the car, Tpr. Smith checked his eyes with the Horizontal Gaze Nystagmus ("HGN") test. During the HGN test, Murphy failed to follow instructions by moving his head. During the HGN test, Tpr. Smith observed five of the six clues of impairment.
 {¶ 4} Tpr. Smith then asked Murphy to submit to a Portable Breath Test ("PBT"), but Murphy refused. Tpr. Smith told Murphy that he would not be charged if he submitted to the PBT and tested below the legal limit. Tpr. Smith also told Murphy that he could only release his three passengers if they were not impaired. After each of Murphy's passengers took the PBT, they tested under the legal limit and Tpr. Smith released them. However, Murphy continued to refuse the PBT.
 {¶ 5} Murphy also refused Tpr. Smith's requests that he perform the One Leg Stand test and the Walk and Turn test. Murphy continued to refuse the tests even after Tpr. Smith warned him that, without the tests, Tpr. Smith would have no choice but to arrest him. Prior to handcuffing Murphy, Tpr. Smith informed Murphy that he would be asked at the police station to provide a urine sample. Upon being informed of the upcoming urine test, Murphy stated that he could not wait, and elected to urinate beside the road.
 {¶ 6} Tpr. Smith transported Murphy to the Beverly Police Department, where he again refused to submit to a urine test, even after police informed him of the consequences of refusal. Officer Stewart Evans of the Beverly Police Department observed Murphy when Tpr. Smith brought him in. Officer Evans noticed that Murphy had a strong odor of alcohol about him and bloodshot eyes.
 {¶ 7} Tpr. Smith charged Murphy with driving under the influence in violation of R.C. 4511.19(A)(1), and with failure to stay within marked lanes in violation of R.C. 4511.33. The trial court held a trial to a jury. After both sides presented evidence, the jury retired to deliberate on the DUI charge. Murphy's attorney did not first make a motion for acquittal pursuant to Crim.R. 29. The trial court reviewed the evidence concerning the marked lanes offense, determined that the State presented insufficient evidence to convict Murphy on that offense, and dismissed the charge. The jury returned a verdict of guilty on the DUI charge, and the trial court sentenced Murphy.
 {¶ 8} Murphy filed a motion for a delayed appeal, which this court granted. On appeal, Murphy asserts the following assignments of error: "I. The trial court violated Michael Murphy's rights to due process and a fair trial when it convicted him of [DUI], in the absence of competent and credible evidence. II. The trial court violated Michael Murphy's rights to due process and a fair trial when it found him guilty of [DUI], when that finding was against the manifest weight of the evidence. III. Michael Murphy's right to effective assistance of counsel was violated."
 II. {¶ 9} In his first assignment of error, Murphy contends that his conviction is not supported by sufficient evidence.
 {¶ 10} The Ohio Supreme Court has clearly outlined the role of an appellate court presented with a sufficiency of evidence argument. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 11} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172,175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 79-80; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 12} Here, Murphy contends that the State failed to prove that he was impaired when he operated his vehicle. At trial the State presented both Tpr. Smith's and Officer Evans' testimony that Murphy had a strong odor of alcohol about him and had bloodshot, glassy eyes. Murphy admitted to Tpr. Smith that he consumed at least two beers. Tpr. Smith received five out of six clues for impairment on the HGN test. Tpr. Smith observed Murphy drive his car off the side of the road. Additionally, Tpr. Smith's testimony and the cruiser video illustrated Murphy's inability to follow instructions and lack of cooperation during the stop.
 {¶ 13} We find that this evidence, viewed in a light most favorable to the State, reveals that a rational trier of fact could have found that Murphy exhibited impairment from the alcohol that he admitted consuming. Thus, the State presented sufficient evidence to sustain Murphy's conviction. Accordingly, we overrule Murphy's first assignment of error.
 III. {¶ 14} In his second assignment of error, Murphy contends that his conviction is contrary to the manifest weight of the evidence.
 {¶ 15} Even when a verdict is supported by sufficient evidence, an appellate court may nevertheless conclude that the verdict is against the manifest weight of the evidence because the test under the manifest weight standard is much broader than that for sufficiency of the evidence. State v. Banks (1992), 78 Ohio App.3d 206, 214; State v.Martin (1983), 20 Ohio App.3d 172, 175. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted.State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Martin at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. In reviewing the evidence we must be mindful that the jury, as the original trier of fact, was in the best position to judge the credibility of witnesses and the weight to be given to the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} Murphy contends that the jury clearly lost its way, because he provided an explanation for all of the State's evidence that he was intoxicated. Specifically, Murphy testified that he vomited his second beer after consuming a small portion because he was not feeling well, and that he used his shirt and the beer to clean himself after he vomited, thus explaining the odor of alcohol. Murphy testified that the road curves sharply at the spot where he veered off the right side, and that he was merely being extra cautious in case a car coming in the opposite direction drove left of center. Murphy also testified that he refused to take the field sobriety tests because he mistrusts people and machines, and he believed that Tpr. Smith would manipulate the tests.
 {¶ 17} After reviewing the entire record, including Murphy's testimony, and after considering the credibility of the witnesses, we find that the jury did not clearly lose its way and create a manifest miscarriage of justice. The record contains substantial evidence, in the form of the testimony of Tpr. Smith and Officer Evans, and in the form of the cruiser videotape, that Murphy exhibited signs of impairment in his behavior. The jury was not obligated to accept Murphy's explanation of his behavior simply because he offered it. Rather, the jury was free to assess the credibility of the witnesses. From the substantial evidence provided, the jury could reasonably conclude that the State proved beyond a reasonable doubt that Murphy committed DUI. We find that Murphy's conviction is not against the manifest weight of the evidence. Accordingly, we overrule Murphy's second assignment of error.
 IV. {¶ 18} In his third assignment of error, Murphy contends that he did not receive effective assistance of counsel in the trial court. Specifically, Murphy contends that his trial counsel was ineffective in his failure to move for an acquittal pursuant to Crim.R. 29.
 {¶ 19} "Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, `errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment'; and (b) prejudice, `errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Ballew (1996), 76 Ohio St.3d 244, 255, quotingStrickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 20} As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.
Counsel's failure to assert a meritless claim does not constitute ineffective assistance of counsel. State v. Payton, Ross App. No. 01CA2606, 2002-Ohio-508; State v. Nitenson (Feb. 24, 1994), Highland App. No. 91CA796, citing Thomas v. United States (8th Cir. 1991),951 F.2d 902, 905.
 {¶ 21} Murphy asserts that his trial counsel should have made a Crim.R. 29 motion for acquittal on the grounds that the State failed to present sufficient evidence to sustain a conviction for DUI. In resolving Murphy's first assignment of error, we determined that the State presented sufficient evidence to sustain his conviction for the DUI. Therefore, a Crim.R. 29 motion for acquittal based on insufficient evidence would have been fruitless in this case. Thus, trial counsel's failure to move for acquittal under Crim.R. 29 does not constitute ineffective assistance.
 {¶ 22} Accordingly, we overrule Murphy' final assignment of error, and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.